# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JANE DOE,

    Plaintiff,

vs.

KAREN MITCHELL, *et al.*,

    Defendants.

Case No. 2:09-cv-00016-RCJ-GWF

**FINDINGS AND RECOMMENDATIONS**

**Plaintiff's Application to Proceed *In Forma Pauperis* - #3**

Before the Court is Plaintiff's Application to Proceed *In Forma Pauperis* (#3), filed on January 28, 2009.

On January 7, 2009, the Court issued Court Order (#2), which denied Plaintiff's Application to Proceed *In Forma Pauperis* as Plaintiff's application was incomplete. The Court directed Plaintiff to file a completed application by February 7, 2009. Plaintiff has complied with Order (#2), and the Court will now proceed with the screening of Plaintiff's Application to Proceed *In Forma Pauperis* and Complaint.

Upon review of Plaintiff's Complaint, it appears that Plaintiff is attempting to sue Karen Lynne Mitchell, employee of Haynes and Boone, LLP; Samuel A. Lindsay, District Judge in the Northern District of Texas; Paul G. Stickney, Magistrate Judge in the Northern District of Texas; Melissa M. Goodman, partner of Haynes and Boone, LLP; Karen Coomer Denney, associate attorney of Haynes and Boone, LLP; and Arthur Brender, Plaintiff's former attorney. Plaintiff alleges that Defendants committed one or more of following acts against Plaintiff: (1) mail fraud, (2) obstruction of justice, (3) falsification of federal records, and (4) conspiracy to threaten and intimidate Plaintiff for her right to sue in federal courts. Plaintiff's allegations against Defendants relate to her case, *Doe v. American Airlines*

(Case No: 3:03-cv-00745-L), which was filed in April 2003, in the U.S. District Court for the Northern District of Texas.

Reviewing the facts underlying Plaintiff's claim, it does not appear that the District of Nevada is the proper venue for this civil action. In federal court, the proper venue in which to file an action is determined by 28 U.S.C. § 1391. It is unclear why the District of Nevada would be the appropriate forum for the Plaintiff's action under 28 U.S.C. § 1391 since none of the Defendants appear to reside in Nevada, and the events leading to the filing of Plaintiff's action appear to have taken place entirely within the state of Texas.

When a party files "a case laying venue in the wrong division or district [the court] shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). All or part of a complaint filed by a pro se litigant may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Upon review of Plaintiff's Complaint, the Court finds that Plaintiff's allegations against Defendants lack merit, and Plaintiff has therefore failed to state a claim upon which relief can be granted. Additionally, Defendants Lindsay and Stickney, as judges in the Northern District of Texas, are absolutely immune from damages for acts performed within their judicial capacities. *See Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *Nixon v. Fitzgerld*, 457 U.S. 731, 766 (1982). Because Plaintiff's claims against Defendants lack both venue and merit, the Court will dismiss Plaintiff's Complaint (#1) rather than transfer her Complaint (#1) to the Northern District of Texas. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#3) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security

therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

**IT IS HEREBY RECOMMENDED** that the Complaint should be **dismissed** without prejudice based on lack of venue in this district and a meritless legal theory.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of February, 2009.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**