# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JANE DOE,

        Plaintiff,

vs.

KAREN MITCHELL, et al.

        Defendant.

2:09-cv-00016-RCJ-GWF

**ORDER**

## INTRODUCTION

Plaintiff Jane Doe objects to the Report and Recommendation entered by Magistrate George Foley Jr. on February 3, 2009, (#4), in which he recommended dismissing Doe's Complaint for lack of venue and a meritless legal theory. Specifically, she argues that venue is proper because a substantial portion of the events took place in Nevada, and that Magistrate Judge Foley erred in finding Defendants Stickney and Lindsay enjoyed judicial immunity from her suit. The Court must conduct a de novo review of the record in this case in accordance with 28 U.S.C. § 636(b)(1)(B) and LR IB 3-2.

After considering the Magistrate's Report and Recommendations and Plaintiff's Objections, the Court ADOPTS the Magistrate's findings and dismisses Plaintiff's Complaint without prejudice. (#4).

## BACKGROUND

In this civil suit, Doe proceeds *pro se* and *In Forma Pauperis* to sue Karen Lynne Mitchell, Chief District Clerk of the Northern District of Texas; Samuel A. Lindsay, District Judge in the

Northen District of Texas; Paul G. Stickney, Magistrate Judge in the Northern District of Texas; Melissa M. Goodman, partner of Haynes and Boone, LLP; Karen Coomer Denney, associate attorney of Haynes and Boon, LLP; Arthur Brender, Doe's former attorney; and "Defendant Roes, not yet known." (#5.) Plaintiff alleges that Defendants committed one or more of the following acts against her: (1) mail fraud, (2) obstruction of justice, (3) falsification of federal records, and (4) conspiracy to threaten and intimidate Plaintiff for her right to sue in federal courts. (#5.) As a result of these actions, Plaintiff alleges that defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.

Plaintiff's allegations against Defendants relate to her case, *Doe v. American Airlines* (Case No: 3:03-cv-00745-L), which was filed in April 2003 in the U.S. District Court for the Northern District of Texas. Doe alleges that Defendants Judge Lindsay and Magistrate Judge Stickney conspired with the other defendants to change hearing dates without notifying Doe, so as to deprive her of the opportunity to appear. (#5 at 5.) Doe further alleges that Defendant Mitchell joined in the conspiracy when, as Chief Clerk, Mitchell altered and/or removed documents from the court's case docket. *Id.* at 9. In particular, Doe claims that after she allegedly appealed an adverse ruling by Magistrate Judge Stickney on a motion to compel, the Defendants removed both her appeal and an order by Judge Lindsay dismissing the appeal from the court's docket. *Id.* at 4. Based on the absence of a recorded appeal or ruling by the district court judge, the Fifth Circuit later declined to review Magistrate Judge Stickney's ruling, citing a lack of jurisdiction. *See Doe v. American Airlines*, 283 F. App'x. 289 (5th Cir. 2008). Doe also alleges that Defendants were responsible for an unlawful invasion of her Las Vegas home in which only her case file of *Doe v. American Airlines* was stolen. *Id.* at 13. Doe finally alleges that Defendants are currently listening in on her phone calls, recording her computer activities, and were responsible for deleting Doe's internet browser. *Id.* at 13.

On January 28, 2009, Doe filed an Application to Proceed *In Forma Pauperis* in the District of Nevada. (#3). On February 3, 2009, Magistrate Judge Foley entered his Report and Recommendations granting Doe's Application and ordering the Complaint filed. (#4 at 2–3.) The Magistrate also recommended dismissal of the Complaint based on lack of venue in the District of Nevada and a meritless legal theory. *Id.* at 3. Doe filed her objections to the Magistrate's Report and Recommendations on February 19, 2009. (#6).

## ANALYSIS

**I.    Standard of Review for Magistrate Judge's Report and Recommendations**

The duties of a district court in connection with a magistrate judge's Report and Recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the district court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). When no objections are filed, the district court need not review de novo the Report and Recommendation. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003) (en banc). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2007). Unless otherwise ordered, a party must serve and file an objection within 10 days after being served with the magistrate judge's report and recommendation. *See id.*

Doe objects to the Magistrate's finding that venue in Nevada is improper because none of the Defendants live here and all the events took place in Texas. (#6 at 3.) Doe also objects to the Magistrate Judge's finding that her claims are meritless. *Id.* at 5. Both objections are unpersuasive.

## II.   Improper Venue

In a civil action for damages which is not solely based on diversity of citizenship, venue is appropriate only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (2007).  In a RICO action, venue is also proper in any district in which the defendant "resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a) (2007). "Where venue is improper, the Court must dismiss or, "in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2007).

The Magistrate found that as all of the Defendants resided in Texas, and all of the events leading up to the filing of Doe's claim took place in Texas, the District of Nevada was not the proper venue for this action.  (#4 at 3.)

Doe objects to the Magistrate's findings, asserting that the Defendants' diverse residency weighs in favor of Nevada as the proper venue.  (#6 at 2.)  Doe argues that even though all of the named defendants reside in Texas, the "Defendant Roes" do not.  *Id.*  Doe identifies multiple previously unnamed defendants from jurisdictions other than Nevada or Texas, in addition to four unnamed Nevada defendants.  *Id.*  Doe proposes to amend her Complaint to include the names of these defendants after discovery.  *Id.* at 3.  Doe also argues that a substantial part of the events that gave rise to her claim occurred in Nevada when her home was invaded and her computer was hacked.  *Id.*  Doe further requests that the Court not transfer the suit to the Northern District of Texas in the interests of justice, as Doe's suit names the Chief Clerk of that District, and Doe fears a transfer to that venue will prejudice her case.  *Id.* at 4–5.

Doe's arguments misapply the standard.  The action is based on RICO, and is not solely based on diversity citizenship, and as such 28 U.S.C. 1391(b) provides the relevant venue.  For

1  Nevada to be the appropriate venue under § 1391(b)(1), all defendants must reside in Nevada. Here,
2  all named defendants reside in Texas. Doe's attempts to amend her Complaint to include multiple
3  Nevada defendants fail to rectify this defect. Even considering these new defendants, the District
4  of Nevada is not the proper venue under 28 U.S.C. § 1391(b)(1) because not all defendants reside
5  in Nevada.

6  Venue is also improper under 28 U.S.C. § 1391(b)(2). For Nevada to be the appropriate
7  venue under § 1391(b)(2), "a substantial part of the events or omissions giving rise to the claim"
8  must have occurred in Nevada. Even though Doe claims unnamed defendants invaded her Nevada
9  home and tampered with her computer, the majority of her Complaint consists of allegations of
10 misconduct by Texas public officials and attorneys. The proper venue is not the District of Nevada.

11 Nevada is likewise not the proper venue under RICO. The proper venue in a RICO action
12 against a particular defendant is only where the defendant "resides, is found, has an agent, or
13 transacts his affairs." Although Nevada may be the proper venue to bring a RICO suit against the
14 four unnamed Roe defendants whom Doe alleges are in Nevada, it is not the proper venue for the
15 remaining defendants.

16 For these reasons, the Court AFFIRMS and ADOPTS the Magistrate Judge's holding that
17 venue in Nevada is improper.

18 **III.    Meritless Legal Theory**

19 When a case has been filed in the wrong venue, the district court shall "dismiss, or if it be
20 in the interest of justice, transfer such case to any district or division in which it could have been
21 brought." 28 U.S.C. § 1406(a) (2007). Transfer, instead of dismissal, is appropriate when the
22 plaintiff's rights would be terminated without a hearing on the merits, as when the statute of
23 limitations has run. *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 430 (1965). Additionally,
24 under § 1915, courts must dismiss actions where the action "(i) is frivolous or malicious; (ii) fails
25 to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from such relief." 28 U.S.C. § 1915 (2007). Legally untenable claims (e.g., claims against defendants who are immune from suit) must be dismissed under § 1915. *See Neitzke v. Williams*, 435 U.S. 319, 327–28 (1989).

Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Judicial immunity fails only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. *Id.* at 1076 (internal quotations omitted). In *Ashelman*, the allegation of a conspiracy between the prosecutor and the judge to predetermine the outcome of a criminal case was insufficient to pierce judicial immunity. *Id.* at 1074. In defining whether an act is judicial, the *Ashelman* court focused on the nature of the act itself, i.e., whether it was a function normally performed by a judge. *Id.* at 1075. A judge's actions are immune when they consist of a function normally performed by a judge, taken within the court's subject matter jurisdiction. *Id.* at 1078. Even serious procedural errors do not remove the judge's immunity because they are judicial acts taken within the court's subject matter jurisdiction. *Id.* at 1077.

The Magistrate recommended that Doe's allegations against Defendants lack merit and fail to state a claim upon which relief can be granted. (#4 at 2.) The Magistrate further found that Doe seeks monetary relief from Defendants Lindsay and Stickney, who are judges in the Northern District of Texas and are absolutely immune from damages performed within their judicial capacities. *Id.* Accordingly, the Magistrate recommended dismissal rather than transfer. *Id.* at 3.

Doe objects to the finding that Defendants Lindsay and Stickney are absolutely immune. (#5 at 5.) Doe argues that Defendants Lindsay and Stickney have falsified federal court records, in violation of 18 U.S.C. § 1001, and such conduct could not be considered a judicial action. *Id.* at 7. She further argues that under *Dennis v. Sparks*, 449 U.S. 24 (1980), "derivative immunity" was eliminated, subjecting Defendant Mitchell to liability. *Id.* at 6.

1    Here, Doe's rights will not be terminated without a hearing on the merits; consequently, the
2 Court should dismiss her Complaint. Doe is not time-barred from pursuing her claim in the proper
3 venue. The statute of limitations for RICO actions is four years. *Agency Holding Corp. v.*
4 *Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 152 (1987). No procedural barriers prevent Doe from
5 refiling in the appropriate venue. As a result, the interests of justice do not support transferring this
6 matter.

7    Doe's claims against Defendants Stickney and Lindsay are legally untenable, and should be
8 dismissed rather than transferred. Doe alleges that Defendant Stickney set and changed hearing dates
9 to prevent her from attending. (#5 at 5.) However, scheduling a hearing is unquestionably judicial
10 in nature because it is a function of the court. Doe further alleges Lindsay falsified the docket when
11 he submitted the record to the Fifth Circuit. *Id.* at 4. Again, however, when Lindsey submitted the
12 case record, it was a judicial action because it was a normal function of the court, and is therefore
13 immune from Doe's suit.

14    In the same manner, Doe's claim against Mitchell is legally untenable. The Ninth Circuit has
15 held that "court clerks have absolute quasi-judicial immunity from damages for civil rights violations
16 when they perform tasks that are an integral part of the judicial process . . . unless [the] acts were
17 done in the clear absence of all jurisdiction." *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1390 (9th
18 Cir. 1987). This includes merely administrative acts that are a part of the judicial function, including
19 a clerks' filing or refusing to file documents with the court. *Id.* Because Mitchell is immune from
20 official acts as Chief Clerk of the Northern District of Texas, dismissal is appropriate. Doe's
21 reliance on *Dennis* is misplaced. *Dennis* concerned a 42 U.S.C. § 1983 action against a state judge
22 and private parties. 449 U.S. at 25–26. The judge was properly dismissed as being immune. *Id.* at
23 27. The private parties argued that without the judge, the court could not properly find state action,
24 a requirement for any § 1983 suit. *Id.* at 26. The Court disagreed, holding immunity did not alter
25 the nature of the judge's actions, and accordingly, state action could still be found. *Id.* at 28. Here,

1  unlike *Dennis*, where the private parties were subject to suit unless protected by immunity derived
2  from the defendant judge, Mitchell is not subject to suit because she holds "absolute quasi-judicial
3  immunity."

4  Doe lacks both venue and merit. None of the defendants reside in Nevada, and very few of
5  the alleged actions occurred here. Doe's claims against Mitchell, Stickney, and Lindsay are without
6  merit because the defendants are immune from suit. The interests of justice do not support
7  transferring the suit to another venue. Consequently, the Court dismisses the Complaint.

## CONCLUSION

9  In light of the foregoing, the Court ADOPTS the Magistrate Judge's Report and
10  Recommendations. (#4). The Court dismisses Plaintiff's Complaint without prejudice. (#1).

11  DATED: March 26, 2009

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE

25 (nk)